UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM FOSTER SERVANT,

    Petitioner,

v.                                       Case No. 2:03-cv-180
                                       HON. GORDON J. QUIST

KENNETH ROMANOWSKI,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner William Foster Servant filed this petition for writ of habeas corpus challenging the validity of his state court conviction. Petitioner pleaded guilty to domestic violence, third offense, and habitual offender, second offense. Pursuant to the plea bargain, an attempted home invasion charge, a felon in possession of a firearm charge, and a habitual third offender charge were dropped. During the plea hearing, Petitioner was informed that he could face up to three years in prison should he choose to plead guilty. On May 18, 2001, Petitioner was sentenced to eighteen months to three years in prison with credit given for ninety-three days served.

Several days after sentencing, Petitioner wrote a letter to the trial Court requesting that his plea be withdrawn and his attorney be replaced. Thereafter, the Court dismissed Petitioner's trial counsel and appointed new counsel. The Court also reinstated a trial date, giving Petitioner time to discuss with his new counsel whether he should withdraw his guilty plea. The Court informed the Petitioner of the following:

> THE COURT: You understand that if you're convicted, you're facing ten years in prison?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You understand that the arrangement that she (trial counsel) was able to negotiate on your behalf, the maximum would be three years in prison with –
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: – with a far greater likelihood that you would not have any prison at all? Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

Transcript of Motion for Attorney to Withdraw, Docket #21, page 4. At no time did Petitioner inform his second attorney that he wanted to withdraw his guilty plea. At sentencing, Petitioner was sentenced to eighteen months to three years in prison.

Thereafter, Petitioner, utilizing his third attorney, filed a motion to withdraw plea and/or for re-sentencing. Petitioner's asserted basis for relief was the same as that raised in this habeas corpus petition. The Court denied petitioner's motion concluding:

> It should be noted that the plea taking was before any comment that was made by this Court that could be misinterpreted by the defendant as being a guarantee or a certainty of being county jail [sic] as the sentence. The plea was taken under its terms and according to its circumstances without any input from the Court.
>
> I noticed that as I reviewed the transcript of the plea taking itself, there were no defects and the Court did find that it was a knowing and voluntary plea, and that it was – we complied with the court rule. And I was very satisfied at the time that there was no problem or defect in the taking of the plea.
>
> The suggestion is is [sic] that the counsel was not as effective as counsel could have been, but the record demonstrates that Ms. Bray (original trial counsel) when the case was with her that she had considered an insanity defense and, in fact, had researched it, and that the plea offer was made before there was any final resolution of that,

- 2 -

> that she tendered the plea offer to the defendant who indicated that he wanted to take it. And so at the time that it was taken, this had been a matter that was explored by counsel, and both counsel and defendant were apparently satisfied at that time that it was in his best interest that he accept the offer that was being tendered and then so he took that offer.
>
> What occurred after that – and I find nothing in the performance of the attorneys to suggest that it was below any objective standard of reasonableness that the defendant never promoted the idea of problems of mental defect or incapacity in any way to his new attorney. And, of course, this Court had relieved Mr. [sic] Bray of her obligation to defend the defendant, and that gave the defendant an opportunity to consider whether he wanted to continue with his plea or to withdraw it. And after discussions with his attorney, apparently they were fairly lengthy discussions, decided that it would be in his best interest to continue with the plea, and I'm certain that anyone in those circumstances compares all the options, and that having good counsel to assist in the consideration of those options, the defendant decided that he would continue. It was during the course of that – between the taking of the plea and his confirmation of the plea – the Court made its comment, but that was nothing more, and should never have been interpreted as anything more and could not reasonably have been interpreted as a certainty that he would not be going to jail, so even if that – I'm sorry – not going – not be going to prison, but even if that played a part in his consideration in accepting – or continuing with the plea that he had already tendered, I'm satisfied that the performance by Mr. Soderberg was likewise of a sufficient standard, so that this Court is not going to be allowing a withdrawal of the plea.

Transcript of Motion to Withdraw Plea and/or for Re-sentencing, Docket #23, pages 59-61.

Petitioner then appealed to the Michigan Court of Appeals, which denied his application for leave to appeal on December 27, 2001, based on "lack of merit in the grounds presented." (Michigan Court of Appeals Docket #237936) On August 30, 2002, Petitioner's delayed application for leave to appeal by the Michigan Supreme Court. *People of the State of Michigan v. William Foster Servant, Jr.,* 467 Mich. 860 (2002).

Petitioner filed this petition maintaining that his conviction was obtained in violation of his federal rights. The instant petition sets forth two claims for relief:

    I.    Petitioner was "Denied effective assistance of counsel due to both trial counsel failing to pursue a Forensic Examination to determine defendant's competency and criminal responsibility."

    II.    "Defendant's (Petitioner's) decision to forego withdrawing his guilty plea prior to sentencing and decision to forego a forensic exam was the result of the trial court's statement that trial counsel had negotiated a plea for him 'with a far greater likelihood that you would not have any prison at all.'"

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is

contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court.

- 5 -

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that he was denied effective assistance of counsel because trial counsel failed to request a psychological examination. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini,* 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington,* 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

In Petitioner's case, there were no errors committed on the part of either trial attorney. Petitioner claims that trial counsel erred in not requesting a forensic examination (psychological evaluation) in order to determine Petitioner's competency. The record establishes that Petitioner's original counsel researched the possibility of using an insanity defense at trial. The insanity defense was never pursued because the prosecution offered a plea bargain, which Petitioner decided to accept. Following the expressed wishes of Petitioner, original trial counsel, Ms. Bray, discontinued her research of the insanity defense and a psychological evaluation was no longer considered necessary.

Mr. Soderberg, Petitioner's second attorney, was never notified by Petitioner or previous counsel that Petitioner wanted a psychological examination. Mr. Soderberg testified on examination by Petitioner's newest counsel:

> Q: When you reviewed a copy of the letter, were you aware that he wanted Ms. Bray removed because he did not have a psychological evaluation?
>
> A: No
>
> Q: Did you discuss with Ms. Bray the fact that Mr. Servant wanted a psychological evaluation?
>
> A: The topic never came up either with Ms. Bray or with Mr. Servant.

Transcript of Motion to Withdraw Plea and/or for Re-sentencing, Docket #23, page 21. Mr. Soderberg testified that it was his opinion that Petitioner was "an experienced defendant, one knowledgeable in the workings of the criminal justice system." Transcript of Motion to Withdraw Plea and/or for Re-sentencing, Docket #23, pages 31-32.

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell,* 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Both trial counselors were efficient and rendered adequate assistance in representing Petitioner. Ms. Bray, original trial counsel, followed the wishes of Petitioner in accepting the plea bargain and not proceeding to trial with an insanity defense. Had Petitioner gone through with the trial, he could have been sentenced to up to ten years in prison. Ms. Bray was successful in executing a plea bargain which lowered Petitioner's maximum possible sentence to three years, a very reasonable plea bargain considering Petitioner's record.

Mr. Soderberg likewise conveyed the wishes of Petitioner to the Court in not withdrawing Petitioner's guilty plea. Mr. Soderberg testified:

> In my discussions with Mr. Servant prior to sentencing, he was under the impression that he was – it was possible that he may not go to jail at all. And based on the nature and severity of the charges and the discussions that I had had with regards to where he was likely to score out, I told him that that was unlikely and I didn't understand why he had that belief, and for whatever reason he continued to hold that belief. And I specifically recall telling him that he was looking at probably in the neighborhood of seventeen or eighteen months as a sentence, maybe as much as twenty-four or twenty-five.

Transcript of Motion to Withdraw Plea and/or for Re-sentencing, Docket #23, page 30. Petitioner was fully aware of the consequences of entering a guilty plea in this case and knowingly proceeded with the previously entered guilty plea. Petitioner's claim that he was denied effective assistance of counsel is without merit.

Petitioner next claims that he did not withdraw his guilty plea because of a comment made by the trial court. The comment in question came during Petitioner's Motion for Attorney to Withdraw.

> THE COURT: You understand that if you're convicted, you're facing ten years in prison
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You understand that the arrangement that she (Ms. Bray) was able to negotiate on your behalf, the maximum would be three years in prison with –
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: – with a far greater likelihood that you would not have any prison at all? Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

Transcript of Motion for Attorney to Withdraw, Docket #21, page 4. Considering the plain language of the statement, it is clear that the Court was simply confirming that Petitioner understood the consequences of both withdrawing his plea and progressing with the plea bargain. On the plain language of the statement, it is apparent that the court made no promises to Petitioner. Also, as stated above, Mr. Soderberg spoke to Petitioner prior to sentencing and informed him that it was very likely that he would, in fact, be going to prison.

In addition, the undersigned notes that Petitioner relies solely on state law to support this claim. There is no federal right to withdraw a knowingly and voluntarily entered guilty plea. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, the undersigned recommends dismissal of Petitioner's second claim.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner was not denied effective assistance of counsel because both attorneys acted reasonably and, in fact, complied with the expressed wishes of Petitioner. Nor does Petitioner's second claim have any merit, as Petitioner was clearly informed of the consequences of his guilty plea. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   July 13, 2005